FILED
SUPERIOR COURT
OF GUAM

2014 MAY 22 AM 9:36

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

GUAM GREYHOUND, INC., and JOHN )     Civil Case no. CV0960-06
BALDWIN, )
         )
            Plaintiffs, )
         )     **DECISION AND ORDER**
    vs. )
         )
DOROTHY BRIZILL and DOES 1 )
THROUGH 20, )
            Defendants. )
         )

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's Motion for Sanctions was taken under advisement by the Honorable Judge Michael J. Bordallo on May 7, 2014. Plaintiffs were represented by attorney Deborah Deitsch-Perez. Defendant was represented by attorney Jeffery A. Cook. Having received and reviewed the arguments, papers, and file herein the Court now issues the following decision and order granting Defendant's request for sanctions. The Court sanctions the Plaintiffs the amount of $104,662.88.

## BACKGROUND

This case arises out of Plaintiffs' August 4, 2006, Complaint for: defamation, tortious interference with Guam Greyhound's prospective business advantage, and false light invasion of privacy. Through a September 4, 2007, Judgment Plaintiffs' claims were dismissed, having been found to be within the mandates of the Guam Citizen Participation in Government Act. 7 GCA §§ 17101 *et. seq.* On the same day the Court entered an order holding in abeyance all issues relating to an award of costs, fees and sanctions until further order of the Court. On September 11, 2008, the Guam Supreme Court affirmed the Court's decision to dismiss and

ORIGINAL

remanded the matter for further proceedings.

On February 14, 2014 the Court entered an amended order disposing of the issues of attorney fees. The Court found that *nunc pro tunc* as of September 6, 2013, Defendant was entitled to an attorney fee award of $100,666.00 and a costs award of $3,996.88. Now ripe before this Court is the remaining issue of sanctions.

On March 17, 2014, Defendant filed a paper entitled, Defendant Dorothy Brizill's Motin for Sanctions. Citing 7 GCA § 17106(g) Defendant argues that, upon dismissing an action under the terms of the Citizen's Participation in Government Act, a court has an obligation to impose sanctions. Mot. at 1-3. Defendant argues that Plaintiff Baldwin is a recidivist who merits sanction. *Id.* at 4.

In support of her argument Defendant refers to Plaintiffs' pleadings and argues that they were insufficient and unsupported. *Id.* She also cites to a similar suits that were filed: 1) against Jacqueline A. Marati in Superior Court of Guam Case No. CV0959-06, where a judgment was entered for the defendant and plaintiffs were ordered to pay attorney fees; 2) a suit filed by his associate Hoolae Paoa against Jacqueline A. Marati in the First Circuit Court of Hawaii Case No. 06-1-1358-08 which was dismissed with prejudice by the U.S. District Court of Guam; 3) three comparable suits filed by Plaintiff's associate Shawn Scott; and 4) one comparable suit threatened by Shawn Scott. *Id.* at 5-9. Defendant argues that these suits establish a pattern of Plaintiffs' and their associates' where litigation is used to punish people who speak out against their gambling interests. *Id.* at 9.

Second Defendant argues that because Plaintiffs are exceedingly wealthy a substantial sanction is necessary. *Id.* In support of her assertion of Plaintiffs' wealth Defendant cites to several multi-million dollar public business transactions. *Id.* at 9-11. She also refers to the three million dollar donation Plaintiff Baldwin promised to give to Guam if the gambling

initiative passed and a real estate brochure listing the sale price of the Guam Greyhound track and related properties for 12.5 million dollars. *Id.* at 11.

Third Defendant argues and requests that sanctions be levied against Plaintiffs' attorneys. *Id.* In support of this request Defendant refers to the Plaintiffs' pleading as well as the multiple unnamed defendants and argues that they were insufficiently pled and brought with-out a reasonable basis in law. *Id.* at 11-12. Defendant asserts that Plaintiffs' attorneys have participated in several of the other suits brought by Plaintiff Baldwin and his associates and argues that failing to sanction the attorneys who advised bringing suit will not adequately deter repetition of similar and comparable conduct. *Id.* at 12-13.

Lastly, Defendant cites a decision of the Guam Superior Court in *Enriquez v. Smith* Case No. CV1486-11, where the court found that the imposition of sanctions were mandatory and imposed a sanction of $20,000.00. *Id.* at 13-14. Defendant asserts that the Superior Court's award of $1.00 in sanctions in Superior Court of Guam *Rokuro Koike Inc. v. Resort Managing Co. Inc.*, Case No. CV0288-07 is distinguishable because the court failed to support its decision with any facts or argument. *Id.* at 14, fn15. Defendant requests that a sanction of $200,000.00 to $2,000,000.00 be imposed upon the Plaintiffs and their attorneys. *Id.* at 14.

Plaintiffs filed their opposition to Defendant's motion on April 14, 2014. Opp. In it Plaintiffs' cite to this Court's decision in Superior Court of Guam, *Guerrero v. Ji*, Case No. 0832-12. *Id.* at 1. In that case the Court held that the imposition of sanctions under 7 GCA § 17106(g)(2) was discretionary and dependent upon a finding of necessity to deter probable recidivism. *Id.* Plaintiffs argue that the Court's interpretation supported by a plain meaning reading of the subsection 7 GCA § 17106(g)(2). *Id.* at 3. They also argue that similar statutes in other U.S. jurisdictions have been similarly interpreted. *Id.* at 4. Plaintiffs dispute Defendant's interpretation of the Superior Court of Guam's decisions in *Enriquez v. Smith* and

*Rokuro Koike, Inc. v. Resort Managing Co.* and argue they do not depart from this Court's interpretation of the same. *Id.* at 5-6.

Second Plaintiffs argue that cases of first impression should not subject litigants or their attorneys to sanction. *Id.* at 6. In support of this argument Plaintiffs cite to the possible source of Guam's Citizen's Participation in Government Act and argue that Rule 11's reasonableness test for sanctions is instructive; courts have held Rule 11 is not intended to deter cases of first impression. *Id.* 6-7. Plaintiffs argue that the instant action was not meritless, lacking in support or brought for an improper purpose. *Id.* at 7-8. They assert that their action raised a triable issue of whether knowingly false speech was protectable. *Id.* 8. In support of their arguments and assertions Plaintiffs cite to other U.S. jurisdictions who have interpreted similar statutes differently. *Id.* 8-9. They argue that these different interpretations, as well as the lack of any binding precedent, support the initial reasonableness of their pleading arguments. *Id.* at 9-11.

Third, Plaintiffs assert that Defendant has failed to present any facts supporting probable recidivism. *Id.* at 12. As to Plaintiff's companion case, *Guam Greyhound Inc. v. Marati*, they argue it was filed prior to the Guam Supreme Court's decision in this case and promptly dismissed on January 21, 2009, Defendant accepting Plaintiffs' offer of a $35,000 judgment. *Id.* at 13-14.

As to the Defendant's reference to the three other similar actions in other U.S. jurisdictions Plaintiffs cite to several U.S. Supreme Court cases where they argue that the U.S. Supreme Court found that it is impermissible for a court to attempt to regulate conduct taking place in other jurisdictions. *Id.* at 13, n. 63. Plaintiffs further dispute their involvement in these cases and call into question the reliability of the newspaper source material Defendant uses as evidence for her claims. *Id.* 14-15. In the alternative Plaintiffs argue that even if newspaper articles do properly connect them to these cases, the cases were defamation suits outside of the

scope of the Citizen's Participation in Government Act (CPGA) and in jurisdictions in which the CPGA is not law. *Id.* at 15.

As to Defendant's assertion that Plaintiffs threatened an additional lawsuit Plaintiffs assert that these allegation are false. *Id.* at 16. Plaintiffs assert that their letter to the county executive of Oneida County was related to and ultimately a bankruptcy action. *Id.* Plaintiffs further dispute Defendant's argument that their naming of Doe defendants is evidence of recidivism arguing their use is common and permissible under the Court's rules. *Id.* at 17. Plaintiffs argue that the lack of the need for a deterrence sanction is found in the strength of their initial claims as well as the novelty of the legal issue. *Id.* They reason that now that the Guam Supreme Court has interpreted the act and clarified the issue no further deterrence is necessary. *Id.* at 18.

As to the requested amount of the sanction, Plaintiffs argue that the $200,000.00 to $2,000,000.00 sanction is unsupportable and based upon speculated and unreliable assertions of Plaintiffs' income. Ultimately Plaintiffs argue that this Court and Guam Supreme Court's action are sufficient to provide the requisite deterrence and request that Defendant's request be denied.

Defendant filed her reply on April 29, 2014. Reply at 1. Citing *Rokuro Koike Inc.*, Defendant reasserts her argument that sanctions are mandatory. *Id.* at 2. Defendant argues that the Court's decision in *Guerrero v. Ji*, was *dicta* and not binding on its findings here. *Id.* Defendant disputes Plaintiffs' argument that cases of first impression should not generally be subject to sanction under CPGA. She reasons that applying a Rule 11 test to the CPGA's mandates would render 7 GCA § 17106(g)(2) surplusage. *Id.* at 3-4. Citing to Plaintiffs' pleading, where Defendant was accused of "making statements geared to bring people to the conclusion that they should vote against the slots initiative because the Defendant was

untrustworthy," Defendant argues that Plaintiffs' suit was statutorily and objectively unsupportable. *Id.* at 5 and fn4. (citation omitted).

Defendant argues that evidence of probable recidivism is not required by the CPGA. In support of this argument she cites to the language of the Subsection 17106(g)(2) and argues that that even in the absence of likely repetition by the plaintiff the statute requires sanctions sufficient to deter comparable conduct. *Id.* at 7 (citation omitted). In the alternative Defendant argues that there are facts which support a finding that similar conduct may be repeated by Plaintiffs. *Id.* In support of this argument Defendant refers to Plaintiffs' opposition arguments which categorize Defendant's source-ligation statements as knowingly false. *Id.* at 8. Defendant refers again to Plaintiffs' pleading arguing its insufficiency as well as it numerous anonymous 20 John Doe defendants are sanctionable under the statue. *Id.*

As to Defendant's citation to prior similar legal actions she argues that Plaintiffs have failed to show that they are inapposite. *Id.* at 9. As to *Guam Greyhound v. Marati*, Defendant asserts Plaintiffs' lawsuit was intended to frighten Ms. Marati and others from speaking against the slots ballot measure. *Id.* In *Paoa v. Marati*, Defendant argues that Plaintiffs don't deny Hoolae Poa was Plaintiff Baldwin's agent, and that the suit was similar to the instant. *Id.* As to the three other lawsuits in New York and the Virgin Islands Defendant asserts Plaintiffs do not deny they were suits with similar facts. *Id.* at 9-10. Lastly, as to the letter written by Ms. Deitsch-Perez, to Mr. Griffo of Oneida County, New York, Defendant disputes Plaintiff's denial and re-argues that it similarly threatened Mr. Griffo. *Id.* at 10.

As to the amount of sanctions, Defendant highlights Plaintiffs' failure to deny Plaintiff Baldwin's wealth. *Id.* at 11. Defendant argues that it was not Plaintiffs' purpose to prevail in their suits, subjecting defendants to the anxiety and cost of litigation was the goal. She asserts that this is the reason the statute requires the imposition of sanctions.

## DISCUSSION

Subsection 17106(g)(2) of Title 7 of the Guam Code regulates when a court may order that a party or its attorneys be sanctioned for violating the terms of the CPGA. 7 GCA §17106(g)(2) (2013). It provides,

> (g) the court shall award a moving party who is dismissed, without regards to any limit under Guam law:
>
> . . . .
>
> (2) such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated;

*Id.* On its face an award of sanctions under this Subsection is dependent upon a finding of the amount, if any, which is necessary to deter. *Id.* Inherent in such a finding and necessary to a sanction award are facts which support, if only slightly, probable repetition or recidivism by the violating party or others similarly situated. *Id.* Given the plain language of this statute the Court is not persuaded that sanctions levied under this statute should be otherwise supportable. *Id.* To hold otherwise would leave the Court with no structured guidance to determine a proper sanction amount other than its subjective regard for the seriousness of the proscribed conduct. Furthermore and perhaps more salient, it would allow a court to lay heavy fines upon a person despite there being no factual probability that the conduct would be repeated, such a reading is objectively untenable.

As indicated above Defendant argues and asserts that under this standard, Plaintiffs' prior acts, pleading sufficiency, and arguments in opposition are sufficient to support a finding of probable behavior and an order of additional sanctions against Plaintiffs and their attorneys. Mot. at 4-9 and Reply at 2, 7-10. Based upon the facts and evidences presented the Court is persuaded that Plaintiffs' past conduct supports a sufficient finding of probable future conduct. Guam R. Evid. 404(b).

As explained by the US Supreme Court in 1995, it is appropriate for a court to consider a person's past conduct when deciding the likelihood of their future misconduct. *Witte v. U.S.*, 515 U.S. 389, 410 (1995) (discussing whether a sentencing court's consideration of past conduct violated the Constitution's Double Jeopardy Clause). In this case there is adequate evidence that Plaintiffs have previously brought a sufficient number of defamation actions in similar circumstances for the Court to find that there is some likelihood that they may in the future attempt by themselves or through others, to engage in similar acts. 7 GCA §17106(g)(2) (2013). Specifically significant to this finding are the legal actions brought in Guam and Hawaii. *Guam Greyhound, Inc. v. Jacqueline A. Marati*, No. CV059-06 (Super Ct. Guam, filed Aug. 4, 2006); *Paoa v. Marati*, Civil Action No. 06-1-1358-08 (Cir. Court First Cir. Hawaii, filed Aug. 4, 2006). Carrying notably less weight but of sufficient significance are Plaintiffs' three other defamation actions which, by Plaintiffs own failure to specifically refute, were similarly dismissed and involved similar facts.

As to the appropriate amount of sanctions, considering Plaintiffs' probability of recidivism, the Court finds that levying the again the reasonable cost of this suit is sufficient to deter future conduct as mandated by the CPGA. 7 GCA §17106(g)(2) (2013). While there is some likelihood of probable future recidivism the Court is unable to find that it extends beyond an additional suit. *Id.* Accordingly the imposition of sanctions beyond this would be unsupportable. *Id.*

As to Defendant's arguments regarding the sanctionably of Plaintiffs' attorneys, Defendant has not met the sufficiency standard ascribed upon this Court of similarity, or

reliability. *Id.*[1] Based upon its review of the papers and pleadings herein the Court is unable to find that Plaintiffs' attorneys, singularly or repeatedly, inappropriately advised the filing of the past or present action or that there is a probability that they may in the future advise or participate in the filing of similar actions. *Id.*

## CONCLUSION

For the above reasons Defendant's motion for sanctions is GRANTED. Defendant is entitled to an additional sanction award of $104,662.88. This amount shall be immediately due and owing to Defendant by the Plaintiffs.

SO ORDERED, this ___21___ day of ___May___, 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the
original hereto was placed in the
court box of:
J Cook

Date: 5/21/14  Time: _____

Deputy Clerk, Superior Court of Guam

---

[1] Additionally and alternatively important to the Court's decision to impose sanctions only upon Plaintiffs is subsection's use of the disjunctive 'or' when identifying who may receive additional sanctions. 7 GCA 17106(g)(2) (2013).